**Pascal J. DUBOIS, Appellant**

v.

**Warden Michael T. ABODE; Joyce Perre, Social Worker; John and Jane Doe; Middlesex County Adult Correction Center; United States Postal Service.**

**No. 04–4653.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) May 5, 2005.

Decided July 27, 2005.

Pascal J. Dubois, Bridgeton, NJ, pro se.

Lori A. Dvorak, Lynch, Keefe & Bartels, Shrewsbury, NJ, John R. Parker, Flemington, NJ, for Warden Michael T. Abode; Joyce Perre, Social Worker; John and Jane Doe; Middlesex County Adult Correction Center; United States Postal Service.

Before ALITO, McKEE AND AMBRO, Circuit Judges.

## OPINION

### PER CURIAM.

Pascal Dubois, an inmate in New Jersey, filed this action pursuant to 42 U.S.C. § 1983 based upon events that occurred while he was a pre-trial detainee. Dubois alleged that the defendants denied him access to the courts by, *inter alia,* censoring, interfering with, and improperly inspecting his outgoing legal mail.[1]

The District Court *sua sponte* dismissed the claims against the United States Postal Service ("USPS"), finding that the USPS is not subject to suit for a violation of Dubois' constitutional rights. Defendants Middlesex County Adult Correction Center ("MCACC"), Warden Abode, and Perre all filed motions for summary judgment. The District Court found that Dubois' claim against MCACC seeks to hold MCACC liable solely based upon the actions of its employees, but liability under 42 U.S.C. § 1983 cannot be based upon the doctrine of respondeat superior. The District Court next found that Dubois' claim concerning his incoming mail, raised for the first time at the summary judgment stage, is waived because Dubois did not raise it in his complaint. With regard to Dubois' claim against Abode relating to his outgoing mail, the District Court found that the claim is barred by res judicata as the same issue was previously litigated (and found meritless) in another of Dubois' lawsuits. *See Dubois v. Abode, et al.,* D.C. Civ. No. 02–cv–03397 (D.N.J.). Finally, the District Court found that Dubois failed to establish that defendant Perre's actions amounted to a constitutional violation.

Therefore, District Court entered summary judgment for the remaining defendants.

Dubois timely filed this appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Dubois has been granted leave to proceed *in forma pauperis* on appeal. When an appellant proceeds *in forma pauperis,* this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). After a careful review of the record, we will dismiss this appeal as frivolous.

Because the USPS is a federal agency, Dubois cannot maintain an action against it for an alleged violation of his constitutional rights. *See Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). As the District Court explained, Dubois' claim against MCACC lacks merit because liability under 42 U.S.C. § 1983 cannot be based solely upon the doctrine of respondeat superior. *See Rouse v. Plantier,* 182 F.3d 192, 200 (3d Cir.1999). In addition, the District Court properly determined that Dubois waived his claim relating to incoming mail by not raising it in his complaint. To the extent Dubois seeks to re-litigate the claim relating to his outgoing mail from his previous § 1983 action against Abode, he is clearly barred under the doctrine of issue preclusion. *See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.,* 63 F.3d 1227, 1231–32 (3d Cir.1995). To the extent Dubois seeks to raise additional mail-related claims against Abode that could have been raised in his previous § 1983 action, those claims are also barred. *See CoreStates Bank, N.A. v.*

---

1. Because the background and specific allegations in Dubois' complaint are fully and accurately set forth by the District Court, we do

not repeat that information here. *See* November 30, 2004 D.Ct. Op. at 2–4.

*Huls America, Inc.,* 176 F.3d 187, 194 (3d Cir.1999). Finally, Dubois' claim against Perre lacks merit as Dubois cannot establish that he was actually injured from the alleged interference with his legal mail. *See Oliver v. Fauver,* 118 F.3d 175, 177–78 (3d Cir.1997).

In conclusion, because Dubois' appeal of the dismissal of his claims lacks arguable merit in fact or law, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).